106 F.3d 391
 9 NDLR P 95
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry POWELL, Plaintiff-Appellant,
v.
FLUOR DANIEL, INCORPORATED, Defendant-Appellee.
 No. 95-3212.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1996.
Decided Jan. 21, 1997.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-94-2119-6-3AK)
 ARGUED: Judy Pinkston McCarthy, Knoxville, Tennessee, for Appellant.
 Ingrid Blackwelder Erwin, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Greenville, South Carolina, for Appellee.
 ON BRIEF: Benjamin P. Glass, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Greenville, South Carolina, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and DAVIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Powell sued Fluor Daniel, Inc., his former employer, alleging that Fluor Daniel discriminated against him on the basis of his disability, a severe gastrointestinal disorder, by failing to provide a reasonable accommodation and by firing him because of his disability. He brought his action under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and analogous Tennessee law. In his complaint, Powell alleged that, while working for Fluor Daniel in the Ukraine, he developed the disorder, which eventually required him to return to the United States for treatment, and that Fluor Daniel did not make sufficient accommodation. He alleged further that because of his condition, Fluor Daniel terminated his employment. Following a four-day trial, the jury rendered a verdict on all claims in favor of Fluor Daniel.
 
 
 2
 On appeal, Powell argues that the district court abused its discretion (1) in refusing to compel further testimony during pretrial depositions of Fluor Daniel, noticed under Federal Rule of Civil Procedure 30(b)(6); (2) in refusing, at trial, to admit a greater portion of Fluor Daniel's memorandum in support of its pretrial motion for summary judgment as an admission by a party-opponent under Federal Rule of Evidence 801(d)(2); and (3) in preventing Powell from introducing evidence about loss of disability benefits.
 
 
 3
 After having considered fully the arguments of counsel and reviewing the record, we cannot find that the district court abused its discretion on either the pretrial discovery issue or the challenged evidentiary matters.
 
 
 4
 While Powell has demonstrated that Fluor Daniel frustrated his effort to use Rule 30(b)(6) effectively, the district court observed that Powell obtained all of the discovery that he sought. And beyond his frustration during discovery, Powell has been unable to demonstrate such prejudice as would require us to order a new trial.
 
 
 5
 On Powell's first evidentiary challenge--relating to the manner in which the district court redacted Fluor Daniel's summary judgment memorandum--we can find no abuse of discretion. The manner in which to redact a document for presentation to the jury falls well within the broad discretion allowed to trial courts in regulating evidence.
 
 
 6
 Finally, on the second evidentiary ruling relating to the admission of evidence about Powell's disability benefits, the district court simply ruled that if Powell wished to present evidence on disability benefits of which he was allegedly deprived, the court would permit Fluor Daniel to defend by presenting evidence on related workers compensation benefits. The court never refused Powell's introduction of the evidence, but stated instead:
 
 
 7
 No, you can ask it, but you do so at your own peril because you're the one that asked me to rule out certain matters and I ruled with you. And now you're getting ready to go back in them yourself.
 
 
 8
 (Emphasis added). In leaving such a strategic decision to Powell, the court certainly did not abuse its discretion.
 
 
 9
 Finding no merit to Powell's assignments of error, we affirm the judgment of the district court.
 
 AFFIRMED